IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BEULAH BAPTIST CHURCH OF DEANWOOD HEIGHTS** *et al.*, | *<br>* |
| Plaintiffs, | *<br>* |
| v. | *   Civil No. **17-342 PJM**<br>* |
| **GUIDEONE MUTUAL INSURANCE COMPANY**, | *<br>*<br>* |
| Defendant. | |

**MEMORANDUM OPINION**

Plaintiffs Beulah Baptist Church of Deanwood Heights, D.C. ("Beulah"), and six entities or individuals associated with it (collectively "Insureds") brought this action against their liability insurer, GuideOne Mutual Insurance Company. In addition to Beulah, Insureds include the Beulah Community Improvement Corporation ("BCIC"), a D.C. nonprofit; Dr. Marcus Turner, Beulah's pastor; Russell Moore, Jr., a member of Beulah's board of trustees; and Lisa Turner, Henrietta Sanford, and Juanita Hutchinson, members of BCIC's board of directors. Insureds allege that GuideOne failed to defend and reimburse them for litigation expenses in three lawsuits that originated in the D.C. Superior Court, pursuant to their liability insurance policy.

**I.**

The underlying complaints involve similar facts and claims. Among other alleged improprieties, the complaints generally assert that Pastor Turner, with Mr. Moore, used church property as collateral for loans benefitting BCIC. The *Wigfall v. Turner* complaint was filed in the D.C. Superior Court by several Beulah congregants on March 14, 2014, and dismissed by the court on June 26, 2014. Compl. ¶ 23. The *Poles v. Turner* complaint was filed in the same court by the

*Wigfall* plaintiffs and additional church members on June 13, 2014, and dismissed on October 20, 2015. Compl. ¶ 34.

The *Hines v. Turner* complaint—the only one of the three suits still ongoing—was filed in the D.C. Superior Court by 18 Beulah congregants on March 3, 2015. It alleges that Turner and Moore surreptitiously used church property as collateral for multiple loans to BCIC, which BCIC later defaulted on; that Turner used the church credit card for personal expenses and improperly had the church pay him a $75,000 consulting fee; and that, when church leadership ended their relationship with Beulah over these events, Turner amended the church constitution without following church procedures to give himself greater authority over Beulah's affairs and finances. *See* Cosby Decl. Ex. E, ECF No. 26-1. Specifically, the *Hines* complaint asserts claims for breach of fiduciary duty, conversion, unjust enrichment, civil conspiracy, accounting, and declaratory judgment. *See id.*

GuideOne denied liability coverage in all three cases, citing multiple policy exclusions for its decision. *See* Turner Decl. Ex. J, ECF No. 26-2; Cosby Decl. Ex. F.

On February 6, 2017, Insureds filed the present case against GuideOne, alleging two counts of breach of contract: Count I alleges that GuideOne breached its obligation to provide Insureds with a defense against the underlying complaints under the director and officer liability coverage of the insurance policy; Count II alleges that GuideOne's refusal to reimburse Insureds for their reasonable attorneys' fees and legal expenses breached GuideOne's duties under the legal expense reimbursement coverage of the policy.

Following a lengthy procedural history, on January 13, 2020, in an oral opinion at the end of the motions hearing, the Court granted Insureds' motion for partial summary judgment and

denied GuideOne's cross-motion for summary judgment.[1] Hr'g Tr. at 64–65, ECF No. 92. The Court held that, in failing to defend the underlying cases, GuideOne breached its duty to defend pursuant to Insureds' policy. *See id.* The Court's subsequent order directed GuideOne to immediately honor its duty to defend in the ongoing *Hines* case and ordered Insureds to submit a motion for reasonable attorneys' fees and costs. *See* Order (Jan. 14, 2020), ECF No. 59.

On July 2, 2020, Insureds filed the present motion for attorneys' fees (styled "First Interim Fee Petition"). ECF No. 84. GuideOne having filed a response, ECF No. 96, and Insureds having replied, ECF No. 103, the Court now considers that motion.

**II.**

Under Maryland law, a duty-to-defend clause obligates an insurer to defend an entire suit from the outset of the litigation where any of the claims alleged are "even potentially covered under the insurance policy." *Perdue Farms, Inc. v. Travelers Cas. and Sur. Co. of Am.*, 448 F.3d 252, 257 (4th Cir. 2006). Recoverable damages for breach of the insurer's duty to defend include the reasonable attorneys' fees and costs for both defending the underlying claims and bringing a declaratory judgment action to determine the insurer's duty to defend. *Com. Union Ins. Co. v. Porter Hayden Co.*, 116 Md. App. 605, 708 (1997).

In the Fourth Circuit, "attorney's fees are evaluated by the lodestar method, under which various factors are applied to determine the attorney's reasonable rate and the reasonable number of hours." *Boleman Law Firm, P.C. v. U.S. Tr.*, 355 B.R. 548, 552 (E.D. Va. 2006) (citing *EEOC v. Serv. News Co.*, 898 F.2d 958 (4th Cir. 1990)). This evaluation involves a fact-specific

---

[1] Insureds sought, and the Court granted, summary judgment only as to Count I, respecting GuideOne's duty to defend Insureds in the underlying litigation. Count II remains, respecting the legal expense reimbursement provision of Insureds' policy. Should the *Hines* plaintiffs prevail against Insureds on the merits, further reimbursement may result pursuant to that provision, subject to further determination by this Court.

examination of the "prevailing market rates in the relevant community for the type of work" performed. *E. Assoc. Coal Corp. v. Dir., Off. of Workers' Comp. Programs*, 724 F.3d 561, 571 (4th Cir. 2013) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990)). In the District of Maryland, the reasonableness determination is further guided by Appendix B to the Local Rules, which sets out nonbinding guidelines regarding hourly rates. *See* Local Rules, app. B (serving to "narrow[] the debate over the range of a reasonable hourly rate in many cases"). Furthermore, in the District of Columbia—where the underlying cases took place—the adjusted *Laffey* matrix guides reasonable attorneys' fees for complex litigation.

Insureds seek a total award of $1,292,649.07, of which GuideOne has already paid $919,093.63. The total figure encompasses $57,019.89 in attorneys' fees and costs for *Poles*, $876,455.89 in attorneys' fees and costs for *Hines*, and $253,534.19 in attorneys' fees and costs for the present declaratory judgment action, in addition to prejudgment interest totaling $105,639.10.[2] All told, these cases have spanned six years and four courts (D.C. Superior Court, D.C. Court of Appeals, and U.S. Supreme Court, in addition this Court) and have involved numerous law firms and dozens of parties contending with complex issues and extensive discovery. Insureds argue that these fees are reasonable under the relevant guidelines (in particular the *Laffey* matrix) and in light of the circumstances of the cases, which Insured assert were defended both effectively and efficiently.

GuideOne does not contest the reasonableness of the work performed or the hourly rates. Nonetheless, GuideOne lodges three main arguments contesting an award of the requested fees.

---

[2] Insureds do not seek fees for *Wigfall*, which was dismissed "almost as soon as it began." Br. Supporting First Interim Fee Pet. at 3, ECF No. 81.

**A.**

GuideOne first argues that an award of fees and costs as to underlying litigation (presumably, *Hines* only, as *Poles* was dismissed long ago) would be premature, because the outcome, and therefore the degree of Insureds' success, is unknown. GuideOne relies on two cases that apply a legal standard that is relevant where legal fees are available only to "prevailing parties" under a statute. *See Hensley v. Eckerhart*, 461 U.S. 424, 428–29 (1983) (seeking fees under 42 U.S.C. § 1988); *Wright v. Dist. of Columbia*, No. 18-2818 (ABJ), 2019 WL 4737699, at *1 (D.D.C. Sept. 28, 2019) (seeking fees under Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*). The Court finds that this standard is inapplicable here, where the attorneys' fees and costs are damages resulting from GuideOne's breach of its duty to defend Insureds from the outset of the underlying litigation. The Court need not wait for the litigation to conclude before ordering payment of attorneys' fees and costs at this stage.

**B.**

GuideOne next contends that it is not responsible for the fees associated with the present declaratory judgment action. While attempting to paint the relevant law as "somewhat murky," GuideOne acknowledges that Maryland law allows insureds to recover the damages incurred in bringing such an action for breach of the insurer's duty to defend, under the rule set forth in *Cohen v. American Home Assurance Co.*, 255 Md. 334, 363 (1969). GuideOne argues that this rule should not apply here, because it provides an "exception" to a general "American rule" and because the Maryland Court of Appeals once declined to extend the Maryland rule to a case involving a health insurer's breach of contract. *See Collier v. MD-Individual Prac. Ass'n, Inc.*, 327 Md. 1, 16–17 (1992).

The Court is not persuaded. It is "firmly established that when an insured must resort to litigation to enforce its liability insurer's contractual duty to provide coverage for its potential liability to injured third persons, the insured is entitled to a recovery of the attorneys' fees." *Porter Hayden*, 116 Md. App. at 708 (quoting *Nolt v. U.S. Fid. & Guar. Co.*, 329 Md. 52, 66 (1993)). "[T]his is so whether the attorneys' fees are incurred in defending against the underlying damage claim or *in a declaratory judgment action to determine coverage and a duty to defend.*" *Id.* (quoting *Bankers and Shippers Ins. Co. v. Electro Enter.*, 287 Md. 641, 648 (1980)); *see Selective Way Ins. Co. v. Nationwide Prop. & Cas. Ins. Co.*, 242 Md. App. 688, 711, 750–51 (2019). The present declaratory judgment action falls squarely within that rule.

## C.

Finally, GuideOne argues that Insureds are not entitled to prejudgment interest on the reasonable attorneys' fees and costs. GuideOne relies in part on *Selective Way Insurance Co. v. Nationwide Property and Casualty Insurance Co.*, in which the court did not find "that an insured is entitled to prejudgment interest, as a matter of right." 242 Md. App. at 747. This argument is misleading: the court in *Selective Way* did not take issue with the award of prejudgment interest in such cases in general but found that the trial court had erred in awarding prejudgment interest where the jury had not awarded such interest, because prejudgment interest is a "matter for the discretion of the fact finder." *Id.* at 741–47. In other words, GuideOne elides the distinction between awarding interest "as a matter of right" and as a matter for the factfinder's discretion. It is well within the Court's discretion to award prejudgment interest here. *See id.* at 744.

GuideOne also wrongly contends that prejudgment interest is not appropriate because the sum has not been liquidated. There appears to be recent conflicting case law on the question of

6

whether such claims are "liquidated" as a matter of law. In either case, a prejudgment interest remains appropriate here.

In *Selective Way*, the Maryland Court of Appeals held that any "claim for reasonable and necessary attorneys' fees incurred in litigation" in cases such as this is necessarily "unliquidated," which does not make an award of prejudgment interest improper but places it "within the factfinder's discretion." *Id.* at 748 (cleaned up) (citing *Maxima Corp. v. 6933 Arlington Dev. Ltd. P'ship*, 100 Md. App. 441, 463 (1994)). In contrast, in *Charter Oak Fire Insurance Co. v. American Capital, Ltd.*, the Fourth Circuit affirmed an opinion of this Court awarding prejudgment interest on an insured's breach of its duty to defend "as a matter of right," on the ground that the defense costs were "liquidated," which the Court defined as "calculable, and thus fixed and ascertainable." No. DKC 09-100, 2017 WL 3315306, at *31 (D. Md. Aug. 3, 2017) (awarding insureds prejudgment interest totaling $24 million on joint defense costs), *aff'd*, 760 F. App'x 224, 229–30 (4th Cir. 2019) (wholly adopting district court opinion as "thorough and well-reasoned").

Whether as a matter of right or a matter of factfinder's discretion, the Court will grant Insured's request for prejudgment interest in the amount of $105,639.10.[3] This award is proper here, as GuideOne's breach of its duty to defend forced Insureds to pay hundreds of thousands of dollars in litigation fees and costs, depriving Beulah of those resources for its charitable purposes.

---

[3] The amount of prejudgment interest is calculated based on the invoice date, i.e., the date the payments were due. Br. Supporting First Interim Fee Pet. at 44; *see Charter Oak*, 2017 WL 3315306, at *32 (awarding "prejudgment interest calculated at the legal rate of six percent per annum, accruing from the date of each invoice until the date of judgment"); *see also Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020) (in Maryland, prejudgment interest "accrues from when 'payment was due'").

### III.

Because GuideOne does not dispute the reasonableness of the figures Insureds have provided, and GuideOne's other arguments are largely without merit, Insureds' motion for attorneys' fees is **GRANTED**. A separate order will issue.

/s/ Peter J. Messitte

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE